MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
Email: mbourassa@bourassalawgroup.com
         trichards@bourassalawgroup.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CATHY LOPEZ, an individual, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| ACE CASH EXPRESS, INC., a Texas corporation; DEBT MANAGEMENT GROUP LLC, a New York limited liability company, | |
| Defendants. | |

## **COMPLAINT**

Plaintiffs, CATHY LOPEZ (hereinafter referred to as "*Plaintiff*") by and through the undersigned attorney, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendants and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action on her own behalf for actual and statutory damages arising from Defendants' violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.,* and Nevada Revised Statutes.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

4. Plaintiff is a natural person who resides in Nevada.

5. Plaintiff is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3)

6. Plaintiff allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7. ACE CASH EXPRESS, INC. is a Texas corporation (hereinafter referred to as "ACE") the principal purpose of whose business is the collection of debts.

8. DEBT MANAGEMENT GROUP LLC, is a New York limited liability company (hereinafter referred to as "DMG") the principal purpose of whose business is the collection of debts.

9. ACE and DMG are collectively herein referred to as "Defendants."

10. Defendants regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that the Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

11.   Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 10 inclusive, above.

12.   On or about September 2015, ACE contacted Plaintiff by telephone regarding an alleged past-due consumer debt.

13.   ACE's representative failed to disclose his identify, a violation of 15 U.S.C. 1692d(6).

14.   On or about October 8, 2015, Plaintiff received a telephone call from Mr. White 213-674-8212 whereby Mr. White told Plaintiff she owed over $1,000 and that he would be going after her mother-in-law.

15.   Plaintiff called ACE and was given a different telephone number to call 800-263-0694.

16.   Plaintiff called 800-263-0694 and spoke to Mr. David who informed her the debt was sold to DMG and to call 877-263-0694.

17.   Plaintiff called 877-263-0694 but was unable to speak with anyone regarding the alleged past-due consumer debt.

18.   On or about October 21, 2015, Plaintiff received a telephone call from 716-625-9390.

19.   Plaintiff was told that she and her mother-in-law would be "turned in".

### **FIRST CLAIM FOR RELIEF**

### **VIOLATION OF THE FDCPA 15 U.S.C.§ 1692d(6)**
### **(as Against Defendant ACE Cash Express)**

20.   Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 19 inclusive, above.

21.   Section 1692d(6) of the FDCPA states in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) ...the placement of telephone calls without meaningful disclosure of the caller's identity.

22. ACE called Plaintiff in an attempt to collect an alleged past-due consumer debt.

23. ACE failed to disclose it was a debt collector.

24. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

### SECOND CLAIM FOR RELIEF

### VIOLATION OF THE FDCPA 15 U.S.C.§ 1692e(2)
### (as Against Defendant Debt Management Group)

25. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 24 inclusive, above.

26. Section 1692e(2) of the FDCPA states in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) the character, amount, or legal status of any debt

27. DMG misrepresented the legal status of the debt.

28. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

///

///

///

///

- 4 -

**THIRD CLAIM FOR RELIEF**

**VIOLATION OF THE FDCPA 15 U.S.C.§ 1692f(1)**
**(as Against Defendant Debt Management Group)**

29.    Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 28 inclusive, above.

30.    Section 1692f(1) of the FDCPA states in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31.    DMG is attempting to collect it is not entitled to, therefore it is attempting to collect more than they are entitled to.

32.    As a result of the violations by Defendant, Plaintiff is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

33.    It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF THE FDCPA 15 U.S.C.§ 1692g**
**(as Against Defendant Debt Management Group)**

34.    Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 33 inclusive, above.

35.    Section 1692g(3) of the FDCPA states in pertinent part:

> (a) NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

- 5 -

following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

36.    DMG failed to disclose that Ms. Lopez had 30 days to dispute the alleged past-due debt.

37.    As a result of the violations by Defendant, Plaintiff is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

38.    It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief in Plaintiff's favor and that judgment be entered against Defendant for the following:

(1)    For actual damages incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);

(2)    For statutory damages awarded to Plaintiff, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)    For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(4)    For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

///

///

///

1     (5)     For any and all other relief this Court may deem appropriate.

2     DATED this ___ day of February 2016.

3

4                        **THE BOURASSA LAW GROUP, LLC**

5

6                        MARK J. BOURASSA, ESQ.

                       Nevada Bar No. 7999

7                        TRENT L. RICHARDS, ESQ.

                       Nevada Bar No. 11448

8                        8668 Spring Mountain Rd., Suite 101

                       Las Vegas, Nevada 89117

9                        Tel: (702) 851-2180

10                      Fax: (702) 851-2189

                       *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28